CATHERINE CORTEZ MASTO
Attorney General
RAELENE K. PALMER
Deputy Attorney General
Nevada State Bar No. 8602
Office of the Attorney General
Public Safety Division
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Phone: (702) 486-0978
Fax: (702) 486-3773
*Attorneys for Defendants*
*Aranas and Gonzalez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DESHAWN CRAWFORD,<br><br>    Plaintiff,<br>v.<br><br>WARDEN D. NEVENS, et al.,<br><br>    Defendants. | CASE NO. : 2:11-cv-00376-KJD-PAL<br><br>**MOTION FOR ENLARGEMENT OF TIME**<br>**(FIRST REQUEST)** |

COME NOW Defendants, DR. ROMEO ARANAS and MATTHEW GONZALEZ (sued as Officer Gonzalas), by and through counsel, CATHERINE CORTEZ MASTO, Nevada Attorney General, and RAELENE K. PALMER, and hereby respectfully submit the instant MOTION FOR ENLARGEMENT OF TIME (FIRST REQUEST) in the above-referenced matter. This Motion is brought pursuant to Fed.R.Civ.P. 6(b), LR 6-2, the attached Points and Authorities, and the papers and pleadings on file with the Court herein.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. <u>PROCEDURAL HISTORY</u>**

Plaintiff first commenced an action on or about March 9, 2011, alleging a cause of action pursuant to 42 U.S.C. § 1983, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, against five defendants employed by the Nevada Department of Corrections ("NDOC"). (Court Docket ("CD") #1-1). All but one defendant was sued in both

their individual and official capacities. *Id*. On May 11, 2011, this Court issued a screening Order pursuant to 28 U.S.C. § 1915A, dismissing all official capacity claims and claims under the Fourteenth Amendment and permitting Plaintiff's Eighth Amendment claim against Defendants Aranas and Gonzalez and his retaliation claim against Defendant Gonzalez to proceed. (CD #4)

On June 1, 2011, the Attorney General accepted service on behalf of both defendants. (CD #6)  Pursuant to the screening Order, Defendants must file their Answer or other responsive pleading by July 1, 2011.  (CD #4).  Defendants now hereby submit the instant Motion for Enlargement of Time (First Request) to answer or otherwise respond to Plaintiff's Complaint as follows:

## II.  LEGAL ARGUMENT

Fed.R.Civ.P. 6(b)(1)(A) provides, in pertinent part:

> (b) *Extending Time.*
> (1) *In General.*  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

Rule 6(b)(1) allows for a party to move for an enlargement of time, the determination of which lies with the presiding court.  "The Court has inherent power and discretion to control its docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula, Mont.*, 2010 WL 2674036, 1 (D.Mont., 2010) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also* Fed.R.Civ.P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired . . .").

Defendants are requesting an extension of time to file their Answer or other response to Plaintiff's Complaint before the deadline has expired.  Defendants are making this request based upon good cause to gather key pieces of information which are necessary to effectively defend in the instant action and properly respond to Plaintiff's complaint. Counsel for Defendants submits that additional time is needed to communicate with Defendant Gonzalez

1  and other witnesses and to gather key pieces of information which are necessary to effectively
2  defend in the instant action and properly respond to Plaintiff's Complaint.[1]  In the last six
3  weeks, the Las Vegas Litigation Division of the Attorney General's Office experienced a 40
4  percent reduction in attorney staff and continues to experience a 20 percent staff reduction,
5  requiring the remaining staff attorneys to assume additional responsibilities for the increased
6  caseload until the vacancy is filled.  *Id*.

7  Since receiving Plaintiff's Complaint, the Attorney General's Office has been in contact
8  with the named Defendants to inform them of the pending lawsuit and to request information,
9  including a statement of personal knowledge of the events described in the Complaint.  *Id*.
10 Counsel is still awaiting the requested information from Defendant Gonzalez and expects to
11 have such information the first week of July.  *Id*.  In addition, Plaintiff's medical records have
12 been received, which will take additional time to review.  *Id*.  As such, counsel respectfully
13 requests a 45-day enlargement of time in which to file an answer or otherwise respond to
14 Plaintiff's Complaint to August 15, 2011.  This request is made in good faith and not for
15 purposes of delay.

25 ///
26 ///
27 ///

---

[1] *See* Affidavit of Raelene K. Palmer, attached hereto as Exhibit A.

-3-

### III. CONCLUSION

Because good cause has been shown, Defendants respectfully request the Court to enlarge the time by which they must file a response to Plaintiff's Complaint pursuant to Fed.R.Civ.P. 6(b) by 45 days to August 15, 2011.

Dated this 29th day of June, 2011.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Nevada Attorney General

By: /s/   RAELENE K. PALMER
RAELENE K. PALMER
Deputy Attorney General
Public Safety Division
*Attorney for Defendants*

"IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE,

DATED: JULY 8, 2011                  "